# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELVIN LAMONT McLEAN,** | : |
| Petitioner | : |
| | : **CIVIL ACTION NO. 3:19-0667** |
| v. | : |
| | : **(Judge Mannion)** |
| **Warden, BRIAN S. CLARK,** | : |
| Respondent | : |

## MEMORANDUM

Petitioner, Kelvin Lamont McLean, a pre-trial detainee presently confined in the Dauphin County Prison, Harrisburg, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges his pre-trial detention. Id. For the following reasons, the Court will dismiss the petition for lack of jurisdiction.

### I. Background

On or about November 26, 2018, McLean was charged with statutory sexual assault, unlawful contact with a minor, and corruption of minors. See Commonwealth of Pennsylvania v. Kelvin McLean, CP-22-CR-0006639-2018.

On December 18, 2018, McLean's charges were bound over by the Magistrate District Justice to the Dauphin County Court of Common Pleas,

and he is currently awaiting trial, which is scheduled for December 2, 2019. Id.

On April 18, 2019, Petitioner filed the above captioned petition for writ of habeas corpus. (Doc. 1). He claims that "the evidence presented did not establish probable cause to believe that Petitioner committed a crime, therefore, holding Petition in custody in violation of his right to be free from unreasonable seizure of the person as guaranteed by the Fourth and Fourteenth Amendments and Article 1, and 8 of the Pennsylvania Constitution." Id.

## II. Discussion

When judgment against a petitioner in state criminal proceedings has not yet been entered and a petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under 28 U.S.C. §2241, not 28 U.S.C. §2254 because §2254 requires that the petitioner be "in custody pursuant to the judgment of a State court". Under 28 U.S.C. §2241(c)(3), the writ of habeas corpus may extend to a prisoner in pretrial detention if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal

proceeding pursuant to 28 U.S.C. §2241, see e.g. Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir.1975), in the pre-trial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 489 (1973). Disfavor of pre-trial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)).

While the district court has jurisdiction pursuant to §2241 to issue a writ of habeas corpus before judgment is entered in state criminal proceedings, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." Moore, 515 F.2d at 443, 447 (internal citations omitted) (declining to decide the boundaries of "extraordinary circumstances" sufficient to warrant pre-trial interference). In the absence of extraordinary circumstances "where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state

remedies." Id. at 443 (internal citations omitted).

Although §2241 does not contain the same statutory exhaustion language as §2254, courts have read the same exhaustion requirement to apply to suits brought under §2241. Moore, 515 F.2d at 442 ("although there is a distinction in the statutory language of §§2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned"); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Evans, 959 F.2d at 1230. Exhaustion requires that the state courts be given the opportunity to correct any errors before the federal court reviews a claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518–19 (1982). To that extent, a petitioner must invoke "one complete round of the state's established appellate review process" in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. The claim brought in federal court must be the substantial equivalent of that previously presented in state court. Evans, 959 F.2d at 1231 (other citations omitted).

"[A]bsent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly when the moving party has an adequate remedy' in state court. Gonzalez v. Waterfront Comm'n of New York Harbor, 755 F.3d 176, 180 (3d Cir. 2014) (citing Younger v. Harris, 401 U.S. 37, 43 (1971) ). The court therefore should

4

not issue a writ of habeas corpus without exhaustion at the pre-trial stage unless extraordinary circumstances are present. Moore, 515 F.2d at 443.

In this case, McLean has not exhausted his state-court remedies: he has not yet had a trial at which he presented his constitutional arguments, nor has he presented those arguments on direct appeal from a conviction. McLean has also not made a special showing as to why habeas corpus relief is appropriate in this case. His petition does not indicate any reason as to why this court should consider his constitutional arguments before the state court has had an adequate opportunity to do so. Furthermore, there are no extraordinary circumstances present in this case. McLean will have an adequate opportunity to present his constitutional claims at his trial, and, should it reach that stage, on appeal from a conviction. Pretrial habeas corpus relief is thus inappropriate in this case.

## III. **Conclusion**

Because McLean has adequate remedies available to him in his pending criminal case, he is not entitled to habeas relief, and the instant petition will be dismissed without prejudice.

An appropriate Order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   November 5, 2019**
19-0667-01